CHARLES STODDARD & another *vs.* JOHN KIMBALL.

It is no defence to an action by the indorsee of a note against the indorser, that the note was indorsed by the defendant without consideration, for the accommodation of the payee, and delivered to him for the purpose of being used to take up another note of the same parties, but that instead thereof, the payee passed the note to the plaintiff, before its maturity, as collateral security for a preëxisting debt; unless it be shown also that the plaintiff knew of the special purpose for which the note was delivered to the payee.

THIS action was brought by the plaintiffs, as indorsees, against the defendant, as indorser, of a promissory note, signed by W. C. and A. S. Kelly, payable to the order of Kelly and Reed, and by them indorsed. The note was dated June 20th, 1845, payable in six months at either of the banks in Boston, for $483·94.

At the trial, before *Bigelow*, J., in the court of common pleas, the defendant having admitted the signing of the note

Stoddard & another *v.* Kimball.

by the makers, the indorsement of it by himself, and due demand and notice, offered evidence to prove, that the note was indorsed by him for the accommodation of Kelly and Reed, the payees, without any consideration; that it was delivered to one of the firm of Kelly and Reed, for the special and sole purpose of taking up another note, made by the same parties, and also indorsed by the defendant for the accommodation of Kelly and Reed, for the sum of $523, dated June 10th, 1845, and which matured on the 13th of September, 1845 ; that Kelly and Reed, instead of using the note for the purpose aforesaid, passed it to the plaintiffs as collateral security for a preëxisting debt due to them from Kelly and Reed, and also to release an attachment of the goods of Kelly and Reed, which the plaintiffs had caused to be made for the purpose of securing such preëxisting debt.

Upon these facts, the presiding judge instructed the jury, that if they should be satisfied by the evidence, that the note in question was indorsed by the defendant, without consideration, for the accommodation of Kelly and Reed; and was delivered to them for the sole and special purpose of being used by them to take up the note aforesaid of June 10th, 1845; and that the note so indorsed and delivered to Kelly and Reed was passed by them to the plaintiffs, as collateral security for a preëxisting debt, and to release an attachment made by them to secure such debt; then the note was not received by the plaintiffs in the usual and ordinary course of business, and they were not entitled to recover the amount thereof of the defendant.

The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

The case was submitted without argument.

BY THE COURT. The case discloses no evidence tending to show, that the plaintiff knew that the note was delivered by the defendant to Kelly and Reed, for the special and sole purpose of taking up another, and was by them, in violation of that trust, applied to a different purpose. The note was not overdue, on the contrary it had several months to run, bore no evidence of being dishonored, and was taken by the plaintiffs

51 *

for a valuable consideration, on giving up another available security. The facts relied on,· without proof affecting the plaintiff with notice of them, cannot, we think, be a ground of defence.

If, as between the defendant and Kelly and Reed, of whom the plaintiff took the note, and to whom alone he is accountable for the proceeds, it was an accommodation note, perhaps the plaintiff must be considered as a holder for value, only for the amount necessary to reimburse him for his advances on it for Kelly and Reed, or the debt for which he took it of them as security ; and if the whole amount of the note is not necessary for that purpose, the defendant may have the difference deducted in the assessment of damages.

*Exceptions sustained.*